EVEREST *v.* BUFFALO LUBRICATING OIL CO., (Limited.

(*Circuit Court, N. D. New York.*   July 16, 1884.)

1. PATENT—PROCESS.
     The process of determining the grade of lubricating oils by a fire-test.

2. SAME—PRIOR USE—APPARATUS.
     Previous patent for an apparatus to test coal oils cannot be regarded as an anticipation of the patent in suit.

3. SAME—EVIDENCE REQUIRED.
     Proof of prior use must not be vague and indefinite. It is necessary that it be of that high character that convinces the court beyond a reasonable doubt.

In Equity.

*George B. Selden* and *T. Outerbridge*, for complainant.

*James A. Allen* and *Corlett & Hitch*, for defendant.

Coxe, J. The complainant is the inventor of an "improvement in the process of determining the grade of lubricating oils." Letters patent were issued to him, dated March 7, 1876, numbered 174,506. The application was filed January 6, 1876. The complainant is also the owner of a patent for "improvements in the distillation of oils," but the consideration of this patent was on the argument withdrawn from the attention of the court.

The invention in question consists in applying a fire-test to samples of lubricating oil taken from the still during the process of manufacture, and determining the grade of reduced oil by such test.

The claim is in these words:

"The process of determining the grade of lubricating oils, which consists in applying the fire-test thereto during their manufacture, substantially as set forth."

The defenses interposed are: *First,* want of invention; *second,* prior use; *third,* description in prior letters patent; *fourth,* non-infringement.

Although the specification is awkwardly drawn, there are, it is thought, no fatal discrepancies between the claim and the other statements regarding the invention. Construing the claim to refer only to the process of determining the grade of lubricating oils by applying the fire-test during their manufacture, the conclusion is reached, not however without some hesitation, that the patentee has made an advance which rises to the dignity of invention, not invention of a high grade, certainly, but still sufficient to sustain the patent.

The evidence of prior use is vague and indefinite. It is not of that high character which convinces the court beyond a reasonable doubt. Proof which does this is always necessary.

It is argued that the patented process is described and claimed in letters patent issued to Smith and Jones, No. 35,184, May 6, 1862, for "an apparatus for testing coal oils." This patent cannot be regarded as an anticipation. It is for a method, and an apparatus which is minutely described in the specification and drawings. It is not simply a process patent. Complainant does not attempt to secure any particular mechanism. He expressly states that a chemist's sand bath with a porcelain cup heated by a Bunsen burner or a plain iron dish placed over a charcoal fire in a tinker's pot may be used. It is clear that he wishes to disclaim the use of particular apparatuses and to include them all. Although Smith and Jones use a wick and tube, it is not disputed that their invention could be successfully adopted by complainant. Indeed, if the view here taken is correct, he might have added the Smith and Jones apparatus to the others described by him in the specification. It cannot be said that the Smith and Jones patent, or any of the state statutes referred to, describes the process of fixing the grade of lubricating petroleum

oil by a fire-test while in the process of manufacture. Infringement by the defendant is sufficiently proved.

There should be a decree for the complainant, but, as he has been defeated as to one of the patents declared on, it should be without costs.